UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,
    Plaintiff,

vs

WALTER SAMMONS, *et al.*,
    Defendants.

Case No. 1:17-cv-91

Barrett, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

    Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), filed a civil rights complaint under 42 U.S.C. § 1983 against defendants Walter Sammons, Susan Felts, Ryan Andre, and Larry Green.[1] (Doc. 3). On March 8, 2017, the undersigned issued a Report and Recommendation that the complaint be dismissed for failure to state a claim upon which relief may be granted. (Doc. 4). Specifically, the Court found that plaintiff failed to state a due process claim against defendants Sammons, Felts, or Green in connection with a Rules Infraction Board (RIB) hearing because the challenged disciplinary action did not amount to a deprivation of a constitutionally protected liberty interest. It was also recommended that plaintiff's claim that defendant Andre wrote a false conduct report which resulted in the disciplinary sanction imposed by the RIB be dismissed.

    Plaintiff has now filed a motion for leave to file an amended complaint (Doc. 6), which is hereby **GRANTED.** This matter is before the Court for a *sua sponte* review of the amended complaint to determine whether the complaint, or any portion of it, should be dismissed

---

[1] Plaintiff is a frequent filer in this Court, having filed eleven lawsuits since February 16, 2016, five of which were filed in February of 2017. *See McDougald v. Mahlman*, 1:16-cv-317 (Black, J.; Bowman, M.J.) (S.D. Ohio Feb. 16, 2016); *McDougald v. Esham*, 1:16-cv-497 (Dlott, J.; Litkovitz, M.J.) (S.D. Ohio April 27, 2016); *McDougald v. Ahmad*, 1:16-cv-500 (Dlott, J.; Bowman, M.J.) (S.D. Ohio April 28, 2016); *McDougald v. Davis*, 1:16-cv-633 (Dlott. J.) (S.D. Ohio June 10, 2016); *McDougald v. Eaches*, 1:16-cv-900 (Dlott, J.; Litkovitz, M.J.) (S.D. Ohio Sept. 6, 2016); *McDougald v. Dillow*, 1:16-cv-1099 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Nov. 23, 2016); *McDougald v. Stone*, 1:17-cv-72 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Feb. 1, 2017); *McDougald v. Erdos*, 1:17-cv-95 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Feb. 10, 2017); *McDougald v. Bear*, 1:17-cv-127 (Barrett, J.; Litkovitz, M.J.) (S.D. Ohio Feb. 21, 2017); *McDougald v. Dunlap*, 1:17-cv-127 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Feb. 24, 2017).

because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In the amended complaint, plaintiff again claims that his due process rights were violated in connection with the RIB hearing. According to plaintiff, the RIB rendered an arbitrary decision with no evidence of plaintiff's guilt being presented at the hearing. Plaintiff cites *Superintendent v. Hill*, 472 U.S. 445 (1985); *Meeks v. McBride*, 81 F.3d 717 (7th Cir. 1996); and *Zavaro v. Coughlin*, 970 F.2d 1148 (2nd Cir. 1992) in support of his argument that the RIB proceeding violated the rule that some evidence must support decisions in RIB proceedings. However, unlike in this case, in each of the cases cited by plaintiff the adverse ruling of the RIB resulted in the withdrawal of goodtime credits and therefore implicated a protected liberty interest. *See Hill*, 472 U.S. at 447 ("We conclude that where good time credits constitute a protected liberty interest, a decision to revoke such credits must be supported by some evidence."). *See also Meeks*, 81 F.3d at 719 (adjustment board sanction deprived the plaintiff of 90 days good-time credit); *Zavaro*, 970 F.2d at 1150 (ruling resulting in withdrawal of two years of good-time credits). As indicated in the Court's March 8, 2017 Report and Recommendation, because plaintiff does not have a protected liberty interest under the circumstances alleged in the complaint, he fails to state a cognizable claim under the Fourteenth Amendment's Due Process Clause in connection with the RIB proceedings.

Plaintiff also seeks to recast his claim that defendant Andre wrote a false conduct report against him as a retaliation claim in the amended complaint. Without any factual elaboration, plaintiff claims "Ryan filed a false conduct report against plaintiff stating plaintiff physically

2

resisted a direct order in retaliation for filing a grievance against him." (Doc. 6 at PageID 28). Plaintiff's conclusory allegation is insufficient to state a retaliation claim under the First Amendment. "[N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 847 F.2d 1139, 1143 n.6 (7th Cir. 1988) (citing *Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient")). In this case, plaintiff has failed to allege a chronology of events from which the Court could reasonably infer retaliation on the part of the defendant. For example, plaintiff fails to allege when he filed a grievance against Andre, that Andre was aware of the grievance, or any other fact suggesting Andre was motivated by the grievance. Plaintiff's conclusory allegation that defendant Andre retaliated against him without any "further factual enhancement" is simply insufficient to state an actionable claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Cf. Brow v. Carpenter*, 889 F.Supp. 1028, 1034 (W.D. Tenn. 1995) ("A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation.").

Accordingly, in sum, the amended complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## IT IS THEREFORE ORDERED THAT:

Plaintiff's motion for leave to file an amended complaint (Doc. 6) is **GRANTED.**

## IT IS THEREFORE RECOMMENDED THAT:

3

1. Plaintiff's amended complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

 *s/ Stephanie K. Bowman*
 Stephanie K. Bowman
 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,  
    Plaintiff,

vs

WALTER SAMMONS, *et al.*,  
    Defendants.

Case No. 1:17-cv-91

Barrett, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).