**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Jerone McDougald,

        Plaintiff,

        v.

Walter Sammons, *et al.*,

        Defendants.

Case No. 1:17cv91

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon the Magistrate Judge's March 8, 2017 Report and Recommendation ("R&R") (Doc. 4) and April 10, 2017 R&R (Doc. 7). The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed Objections to both R&Rs. (Docs. 5, 9). In addition, Plaintiff filed a Motion for Leave to Amend the Complaint. (Doc. 8).

Plaintiff is an inmate at the Southern Ohio Correctional Facility. He brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se.*

On March 8, 2017, the Magistrate Judge conducted a *sua sponte* review of Plaintiff's Complaint pursuant the Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). (Doc. 4). The Magistrate Judge recommended that Plaintiff's Complaint be dismissed with prejudice. Plaintiff filed objections (Doc. 5) and also filed a Motion to Amend the Complaint (Doc. 6). In a second R&R, dated April 10, 2017, the Magistrate Judge granted Plaintiff's Motion for

Leave to Amend, but recommends dismissing Plaintiff's Amended Complaint.

The filing of an amended complaint renders original complaint a nullity, because an amended complaint supercedes all prior complaints. *See Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) (citing *Pintando v. Miami–Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007)). Based on the procedural posture of this matter, the Court finds that the Magistrate Judge's March 8, 2017 R&R (Doc. 4) has been rendered moot by the Magistrate Judge's April 10, 2017 Order granting Plaintiff's Motion to Amend (Doc. 7). Accordingly, the Court **DECLINES to ADOPT** the Magistrate Judge's March 8, 2017 R&R (Doc. 4).

The Court now turns to the Magistrate Judge's April 10, 2017 R&R which recommends dismissing Plaintiff's Amended Complaint. The Magistrate Judge explains that Plaintiff has not stated a due process claim in connection with the Rules Infraction Board ("RIB") hearing because Plaintiff does not have a protected liberty interest under the circumstances alleged in the complaint. The Magistrate Judge also explains that Plaintiff's conclusory allegations regarding retaliation are insufficient to state a claim.

In his objections to the Magistrate Judge's April 10, 2017 R&R, Plaintiff states that his due process rights were violated when he was denied an impartial hearing officer during his September 28, 2015 RIB hearing. (Doc. 9, PAGIED # 37). Plaintiff explains that Defendants refused to consider evidence which would have demonstrated his innocence. (Id.) However, as the Magistrate Judge explained, Plaintiff has not alleged a protected liberty interest.

"To determine whether a liberty interest is implicated in a prison setting, the interest must be limited to freedom from restraint which 'imposes atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life.'" *Sarmiento v. Hemingway*, 93 F. App'x 65, 66 (6th Cir. 2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). "Generally, unless placement in disciplinary confinement is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no interest to remain free of disciplinary confinement will be found in the case." *Id.* Here, Plaintiff's claim is based on his sentence of fifteen days of disciplinary control time in segregation. Plaintiff has not alleged a withdrawal of good time credits. A fifteen-day placement in disciplinary segregation has not been found to constitute an "atypical, or significant deprivation in which a state might conceivably create a liberty interest." *Ingram v. Collins*, No. 2:06-CV-279, 2006 WL 3591922, at *4 (S.D. Ohio Dec. 11, 2006) (quoting *Sandin v. Conner*, 515 U.S. 472, 486 (1995)). Therefore, there is no error in the Magistrate Judge's conclusion that Plaintiff has not stated a due process claim in connection with the RIB hearing. Accordingly, Plaintiff's objections to the Magistrate Judge's April 10, 2017 R&R are **OVERRULED**.

In his Motion for Leave to Amend his Complaint, Plaintiff seeks to correct omitted facts. Specifically, Plaintiff alleges a timeline of events which Plaintiff maintains support his retaliation claim.

A prisoner can bring an action under 42 U.S.C. § 1983 claiming that government officials retaliated against the prisoner for exercising a constitutional right. *Thaddeus–X v. Blatter*, 175 F.3d 378, 386 (6th Cir.1999). To establish such a claim, a prisoner must prove that "(1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of 'ordinary firmness from continuing to

engage in that conduct,' and (3) 'the adverse action was motivated at least in part by the [prisoner's] protected conduct.'" *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (quoting *Thaddeus–X*, 175 F.3d at 394, 398)).

In his Motion for Leave to Amend, Plaintiff explains that on August 25, 2015, Officer Andre and Officer Keating stood in front of his cell sexually harassing him and threatening to spray him with pepper spray in his genitals. (Doc. 8, PAGEID # 35). Plaintiff explains that Officer Keating said to him, "remember that PREA Report you filed on my buddies, along with informal complaints," and then said he was going "take care of" Plaintiff. (Doc. 8, PAGEID # 36). Plaintiff explains that on September 1, 2015, he filed an informal grievance based on the incident. (Doc. 8, PAGEID # 36). Plaintiff states that on September 15, 2015, he was being escorted through the prison when Officer Andre pushed him up against the gate from behind, pushed his erect penis up against him, and said "how does this hard cock feel." (Id.) Plaintiff explains that Officer Andre later pushed him into the corner of a door and pushed him into the strip cage. (Id.)

An inmate has First Amendment right to file grievances against prison officials, as long as the grievance is not frivolous. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (citing *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir.1996); *Lewis v. Casey*, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)).

However, as the Sixth Circuit has explained, an inmate has no right to be free from verbal abuse, and minor threats do not rise to the level of a constitutional violation. *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir.1987) and *Thaddeus-X*, 175 F.3d at 398); *Smith v. Craven*, 61

Fed.Appx. 159, 162 (6th Cir. 2003) (failing to find that verbal harassment and minor threats were adverse actions that could deter a person of ordinary firmness from engaging in protected conduct). Therefore, the alleged verbal abuse and threats made by Officer Andre and Officer Keating are not actionable under § 1983.

As to the allegations of sexual harassment, the Sixth Circuit has found that these types of allegations do not state a claim for a constitutional violation. *See Solomon v. Mich. Dep't of Corr.*, 478 Fed.Appx. 318, 320–21 (6th Cir. 2012) (isolated incidents of correction officer's "sexual" touching, even coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery*, 158 Fed.Appx. 656, 661-62 (6th Cir. 2005) (correction officer's rubbing and grabbing prisoner's buttocks in degrading and humiliating manner, either alone or taken together with the alleged verbal threats, do not constitute the basis for a retaliation claim).

While the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint (Doc. 8), the amended complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Based on the foregoing, it is hereby **ORDERED** that:

1. The Court **DECLINES to ADOPT** the Magistrate Judge's March 8, 2017 R&R (Doc. 4) because it has been rendered moot by the Magistrate Judge's April 10, 2017 Order granting Plaintiff's Motion to Amend;

2. The Court **ADOPTS** the Magistrate Judge's April 10, 2017 R&R (Doc. 7);

3. Plaintiff's Motion to Amend the Complaint (Doc. 8) is **GRANTED**; and

4. The amended complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

5. Pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies that for the foregoing reasons an appeal of this Order would not be taken in good faith, and therefore Plaintiff is denied leave to appeal *in forma pauperis*. *See McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); and

6. This matter shall be **CLOSED** and **TERMINATED** from the active docket of this Court.

   **IT IS SO ORDERED.**

___*/s/ Michael R. Barrett*___
JUDGE MICHAEL R. BARRETT
